IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
District Judge S. Kato Crews

Civil Action No.: 1:23-cv-03233-SKC-STV

BERNARD KENNETH RIVERS, JR.,

    Plaintiff,

v.

RACHAEL ERICKSON, in her official and individual capacities,
POLLY BROCK, in her official and individual capacities,
STEVEN BERNARD, in his official and individual capacities, and
STATE OF COLORADO,

    Defendants.

## ORDER ADOPTING REPORT AND RECOMMENDATION (DKT. 45)

Now before the Court is the Recommendation (Dkt. 45) of Magistrate Judge Scott T. Varholak, which addresses Defendants' Motion to Dismiss (MTD) (Dkt. 13). The Recommendation suggests the undersigned grant the MTD because, resolving any doubts in favor of Plaintiff, his Complaint (Dkt. 1) fails to meet "his burden to establish that he has standing to assert his claims, which is a jurisdictional defect . . . ." Dkt. 45, p.7.

As shared below, because the Court has satisfied itself that there is no clear error on the face of the record, the Court AFFIRMS and ADOPTS the Recommendation. The Recommendation is incorporated herein.

1

## BACKGROUND

This action involves Plaintiff's claims under 42 U.S.C. § 1983 alleging violations of his Fourteenth Amendment rights. Generally, he alleges one or more Defendants fabricated certain evidence concerning attorney licensing and maintenance of attorney bar registration numbers and addresses and concerning the authority of a Chief Judge to enter a state court order. *See generally* Dkt. 1. Judge Varholak construed Plaintiff's Complaint liberally because Plaintiff is representing himself. Dkt. 45, pp.6-7; *see also Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citation omitted).

Defendants filed their MTD arguing all of Plaintiff's claims should be dismissed because he lacks standing, the State of Colorado and the individual Defendants sued in their official capacities are entitled to Eleventh Amendment immunity, the *Younger* abstention doctrine bars Plaintiff's claims, and the individual Defendants sued in their individual capacities are entitled to absolute judicial immunity and qualified immunity. Dkt. 13, pp.4-15. Plaintiff filed his Objection to Motion to Dismiss (Dkt. 17) and Defendants filed their Reply (Dkt. 23). Judge Varholak now recommends that this Court dismiss this case, without prejudice, because Plaintiff has failed to allege sufficient facts to show he has Article III standing, which is a requirement for this Court to have jurisdiction to hear the case. Dkt. 45, p.11.

## FINDINGS AND ORDERS

The Recommendation advised the parties they had 14 days after service of the Recommendation to serve and file specific written objections to it for this Court's consideration, citing 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b). No party filed objections. As a result, they have waived *de novo* review of the Recommendation by this Court. *Thomas v. Arn*, 474 U.S. 140, 148-53 (1985).

When no party files objections, the district court may review a magistrate judge's recommendation under any standard it deems fit. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas,* 474 U.S. at 150 ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings."). The Court, therefore, reviews the Recommendation to satisfy itself that there is "no clear error on the face of the record." Fed. R. Civ. P. 72(b), 1983 Advisory Committee Notes. This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, which in turn is less than a *de novo* review. *See* Fed. R. Civ. P. 72(a) and (b).

The Recommendation is detailed and thorough and contains no clear error on the face of the record. And it correctly applies the law. In it, Judge Varholak astutely analyzes the law concerning Article III standing and its injury-in-fact prong which is required for standing. Dkt. 45, pp.7-8. He further judiciously applies that law to the facts as alleged by Plaintiff and correctly determines Plaintiff has failed to plead

3

sufficient facts demonstrating he has suffered the required injury-in-fact. *Id.* at pp.9-11. He thus recommends the MTD be denied.

As mentioned, this Court has reviewed the Recommendation and the entire record in this case and finds the Recommendation is well-reasoned and a correct application of the facts and the law to the circumstances presented. Finding "no clear error on the face of the record," this Court AFFIRMS and ADOPTS the Recommendation, GRANTS the MTD, and DISMISSES this action WITHOUT PREJUDICE.

The Court FURTHER DENIES AS MOOT Plaintiff's Opposed Motion to Reconsider (Dkt. 37). The Court FURTHER ORDERS the Clerk of Court to terminate this action.

DATED: August 15, 2024.

BY THE COURT:

_____
S. Kato Crews
United States District Judge